1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11      RONNIE GONZALEZ,                          No. 1:24-cv-01183 GSA (PC)

12                      Plaintiff,                ORDER AND FINDINGS AND
                                                  RECOMMENDATIONS
13             v.
                                                  ORDER RECOMMENDING MATTER BE
14      J. DOERER,                                DISMISSED FOR FAILURE TO
                                                  PROSECUTE AND FOR FAILURE TO OBEY
15                      Defendant.                COURT ORDERS

16                                                (ECF Nos. 2, 5, 6)

17                                                PLAINTIFF'S OBJECTIONS DUE IN
                                                  FOURTEEN DAYS
18

19
               Plaintiff, a federal inmate proceeding pro se, has filed this civil rights action seeking relief
20
        under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to
21
        28 U.S.C. § 636(b)(1)(B) and Local Rule 302.
22
               For the reasons stated below, the undersigned will recommend that this matter be
23
        dismissed for failure to prosecute and for failure to obey court orders.  Plaintiff will be given
24
        fourteen days to file objections to this order.
25
        I.     RELEVANT PROCEDURAL HISTORY
26
               A.  First Order to Submit Amended Complaint, Filing Fee or IFP Application
27
        On September 18, 2024, Plaintiff's complaint was docketed on a different magistrate
28
                                                   1

1  judge's calendar.  ECF No. 1 at 1. The complaint named numerous Plaintiffs as litigants,

2  purportedly as a "class action" lawsuit.  ECF No. 1 at 1.

3        On October 3, 2024, the previously assigned Magistrate Judge severed the matter.  ECF

4  No. 2.  At that time, the Magistrate Judge ordered each plaintiff to submit signed complaints and

5  in forma pauperis applications (or pay the filing fees) in their own respective cases.  Id. at 8-9.

6  Plaintiffs were each sent new complaint forms and in forma pauperis applications (ECF Nos. 2-1.

7  2-2), and they were given forty-five days to comply with the magistrate's order.  ECF No. 2 at 9.

8  The same day, the instant matter was transferred to the undersigned.

9              B.  Second Order to Submit Filing Fee or IFP Application and Trust Statement

10       On November 18, 2024, Plaintiff's first amended complaint was docketed.  ECF No. 4.

11  Shortly thereafter, on November 21, 2024, Plaintiff was ordered for a second time either to pay

12  the filing fee in full, or to file an in forma pauperis application along with a six-month prison trust

13  fund account statement.  ECF No. 5.  He was given an additional thirty days to do so.  Id. at 2.  At

14  that time, Plaintiff was also cautioned that failure to comply with the order within the time

15  allotted might result in a recommendation that this matter be dismissed.  Id.

16              C.  Third Order Directing Plaintiff to Show Cause

17       More than thirty days passed and Plaintiff did not respond to the Court's order.  As a

18  result, on January 2, 2025, Plaintiff was ordered to show cause why this matter should not be

19  dismissed. ECF No. 6.  As an alternative to filing the showing of cause, Plaintiff was given the

20  option of filing an in forma pauperis application along with his six-month prison trust fund

21  account statement, or paying the filing fee in full.  Id. at 3.  Once again, Plaintiff was cautioned

22  that failure to comply with the order within the time allotted might result in a recommendation

23  that this matter be dismissed.  Id.

24       To date, Plaintiff has not responded to any of the Court's orders, nor has he filed

25  extension of time requests to do so.  He has not responded to the Court's orders in any way.

26       II.    APPLICABLE LAW

27              A.  Federal Rule of Civil Procedure 41(b) and Local Rule 110

28       Federal Rule of Civil Procedure 41 permits this Court to dismiss a matter if a plaintiff fails

1   to prosecute or he fails to comply with a court order.  See Fed. R. Civ. P. 41(b).  Local Rule 110

2   also permits the imposition of sanctions when a party fails to comply with a court order.  L.R.

3   110.

4           B.   Malone Factors

5        The Ninth Circuit has clearly identified the factors to consider when dismissing a case for

6   failure to comply with a court order.  It writes:

7

8   > A district court must weigh five factors in determining whether to dismiss a case
> for failure to comply with a court order:  "(1) the public's interest in expeditious
9   > resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
> prejudice to the defendants; (4) the public policy favoring disposition of cases on
10   > their merits; and (5) the availability of less drastic sanctions."

11

12   Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v.

13   Hous. Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam)).[1]

14        III.   DISCUSSION

15           A.   Rule 41(b) and Local Rule 110 Support Dismissal of This Case

16        The fact that Plaintiff has failed either to pay the filing fee in full or to file an in forma

17   pauperis application along with a six-month prison trust fund account statement, as well as the

18   fact that he has failed to respond to the Court's order to show cause warrants dismissal of this

19   matter, in accord with Rule 41(b).  This inaction on Plaintiff's part also warrants the imposition of

---

20   [1] These factors are "not a series of conditions precedent before the judge can do anything," but a
"way for a district judge to think about what to do."  In re Phenylpropanolamine (PPA) Prods.
21   Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006), (quoting Valley Engineers, Inc. v. Elec. Eng'g
Co., 158 F.3d 1051, 1057 (9th Cir. 1998)).  They are not a script for making what the district
22   judge does appeal-proof, either.  Valley Engineers, Inc., 158 F.3d at 1057; In re
Phenylpropanolamine, 460 F.3d at 1226 (quoting Valley Engineers, Inc.).
23
    It is not required that a district court make explicit findings in order to show that it has
24   considered these factors.  See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986).  The
Ninth Circuit will review the record to independently determine if the district court has abused its
25   discretion by dismissing a case.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)
(citations omitted); Malone, 833 F.2d at 130 (stating not necessary for court to make explicit
26   findings that it has considered five factors; appellate court may review record independently).  All
the same, because this division of the Eastern District prefers that this analysis be done in every
27   matter that is dismissed for failure to prosecute and/or for failure to obey a court order, the
28   Malone analysis is done herein.

1   sanctions in the form of dismissal of this case, consistent with Local Rule 110.

2                    B.   Application of Malone Factors Supports the Dismissal of This Case

3                         1.   Expeditious Resolution of Litigation; Court's Need to Manage Its Docket

4          Plaintiff has been given more than ample time to pay the filing fee in full or to file an in

5   forma pauperis application along with a six-month prison trust fund account statement, as well as

6   to respond to the Court's order to show cause.  Yet, he has failed to do either, nor has he

7   contacted the Court to provide an exceptional reason for not having done so.

8          The Eastern District Court has an unusually large caseload.[2]  "[T]he goal of fairly

9   dispensing justice . . . is compromised when the Court is forced to devote its limited resources to

10  the processing of frivolous and repetitious requests."  Whitaker v. Superior Court of San

11  Francisco, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted).  Thus, it follows that

12  keeping this case on the Court's docket when Plaintiff has not even met the threshold requirement

13  of addressing the filing fees in this case (after having been given multiple opportunities to do so)

14  is not a good use of the Court's already taxed resources.  Indeed, keeping this matter on the

15  Court's docket would stall a quicker disposition of this case.  Additionally, in fairness to the

16  many other litigants who currently have cases before the Court, no additional time should be

17  spent on this matter, irrespective of any action Plaintiff might take after the issuance of this order.

18                         2.   Risk of Prejudice to Defendants

19         Since the complaint in this matter has not yet been screened, and no defendants have yet

20  been served, there will be no prejudice to them if the matter is dismissed.  On the contrary,

21  dismissal will benefit any potentially viable Defendants because they will not have to defend

22  themselves against Plaintiff's complaint.

23

24  [2]  The Eastern District of California carries one of the largest and most heavily weighted
    caseloads in the nation.  See Office of the Clerk, United States District Court, Eastern District of
25  California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far
    exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit.").
26  This problem is compounded by a shortage of jurists to review its pending matters.  See generally
    id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent
27  judgeships for Eastern District of California).

28

1          3.   Availability of Less Drastic Sanctions; Favored Disposition of Cases on

2               Merits

3          Finally, because Plaintiff is no longer responding to orders of the Court, there is no less

4    drastic option than dismissal.  Without Plaintiff having either paid the filing fee or filed an in

5    forma pauperis application along with his six-month prison trust fund account statement, this

6    matter cannot proceed, nor can it be disposed of on its merits.

7          IV.   CONCLUSION

8          For these reasons, consistent with Federal Rule of Civil Procedure 41(b) and Local Rule

9    110, and having considered the Malone factors, the undersigned recommends that this matter be

10   dismissed without prejudice for failure to prosecute and for failure to obey court orders.  Plaintiff

11   shall be given fourteen days to file objections to this order.

12         Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a

13   District Judge to this matter.

14         IT IS FURTHER RECOMMENDED that this matter be DISMISSED without prejudice

15   for failure to prosecute and for failure to obey court orders.

16         These findings and recommendations are submitted to the United States District Judge

17   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

18   after being served with these findings and recommendations, Plaintiff may file written objections

19   with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

20   and Recommendations," and it shall not exceed fifteen pages.

21         The Court will not consider exhibits attached to the objections.  To the extent that a party

22   wishes to refer to any exhibit, when possible, the party must reference the exhibit in the record by

23   its CM/ECF document and page number or reference the exhibit with specificity.  Any pages filed

24   in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the

25   28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations.  A party's failure to file

26   objections within the specified time may result in the waiver of certain rights on appeal.  See

27   Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th

28   Cir. 1991).

5

1

2    IT IS SO ORDERED.

3        Dated:    **February 6, 2025**                    **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28